IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, : | |
|   United States Department of Labor : | |
| : | Case No. 2:15-cv-1997 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Terrence P. Kemp |
| HERE TO HELP LEARNING ACADEMY, : | |
|   LLC, *et al.*, : | |
| : | |
| **Defendants.** : | |

### ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Judgment by Default (Doc. 11.) and Defendants' Here to Help Learning Academy, LLC, an Ohio corporation, and Michele Blake (collectively "Defendants") Response in Opposition (Doc. 14.) For the reasons below, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

Plaintiff filed a complaint in this Court on May 15, 2015, seeking to enjoin Defendants from violating provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938 (FLSA). (Doc. 1.) Additionally, Plaintiff seeks to recover unpaid minimum wage and and overtime compensation accrued to Defendants' employees, as well as an equal amount in liquidated damages, pursuant to Section 16(c) of the Act. (*Id.* at 1.)

Following the Complaint, Plaintiff served Defendants on August 31, 2015. (Doc. 8.) Proof of Service was filed at the same time. (Doc. 4 at 2, 4.) On October 9, 2015, after the Defendants deadline to answer had passed, Plaintiff was ordered to show cause as to why the action should not be dismissed. (Doc. 7.) On October 14, 2015, Plaintiff responded to the order,

requesting that the Court not dismiss the action. (Doc. 8.) Simultaneously, Plaintiff applied for entry of default against Defendants, which the Clerk of Court entered the next day. (Docs. 9, 10.) On October 22, 2015, Plaintiff filed a Motion for Default Judgment against Defendants. (Doc. 11.) Thereafter, Defendants filed a Motion for Extension of Time to File Response, which was granted by the Magistrate Judge. (Docs. 12, 13.) On December 17, 2015, Defendants filed a Response in Opposition to Defendant's motion. (Doc. 14.)

## II.  STANDARD OF REVIEW

The standard for setting aside a default is prescribed in Federal Rule of Civil Procedure 55(b), which provides in pertinent part that "the court may set aside an entry of default for good cause." Though Defendants have not specifically filed a motion to set aside default, "an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R..*, 705 F.2d 839, 844 (6th Cir. 1983); *see Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981). Because Defendants' responsive pleading qualifies under this standard, the Court must determine whether or not to set aside default. The decision to set aside default is left to the discretion of the trial court, but in making its decision the Court must consider: (1) whether setting the default aside would prejudice plaintiff; (2) whether the default was willful; and (3) whether there is a meritorious defense. *United Coin*, 705 F.2d at 844 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted)). The Court must also keep in mind that "[t]rials on the merits are favored in federal courts," and that reversal of an order denying a motion to set aside the "harsh" sanction of default will be reviewed for even slight abuse of discretion. *Id.* at 193 (quoting *United Coin*, 705 F.2d at 846; citing *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 733-34 (5th Cir. 1984)).

### III.   ANALYSIS

With respect to whether setting the default aside would prejudice Plaintiff, the first thing to note is that Defendants were timely in filing a Motion for Extension and timely in filing their Response in Opposition. (Docs. 12, 14.) Defendants did not delay in responding to Plaintiff's Motion for Default Judgment after the clerk entered default. Because "[d]elay alone is not a sufficient basis for establishing prejudice," and there was no delay by Defendants here, Plaintiff will not be prejudiced. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Furthermore, demonstrating prejudice involves showing that setting default aside "will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Dassault Systemes*, 663 F.3d at 842 (quoting *INVST Fin. Grp.*, 815 F.2d at 398). Plaintiff does not allege, and nothing in the record indicates, that any of these occurrences will result if the default is set aside.

With respect to whether Defendants have a meritorious defense, the Court notes that a defense is meritorious if it is "good at law." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). Thus, the test is not focused on whether the defense is likely to succeed on the merits, but rather whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)). Here, though Defendants do not specifically advance a defense, they make two broad contentions: (1) that Plaintiff's investigator, Steven J. Paciorek, improperly conducted a review of Defendants' business and that Defendant Blake was misled by Mr. Paciorek; and (2) that they possess additional evidence not yet presented that will counter Plaintiff's claims. (Docs. 12, 14.)

Both defenses are good at law, with the former alleging a bad-faith basis in bringing the claims, and the latter claiming that discovery may reveal Defendants are not liable. Though the Defendants' defenses may be bare, a defense does not need to be "supported by detailed factual allegations to be deemed meritorious." *$22,050 U.S. Currency*, 595 F.3d at 326. As such, Defendants have presented meritorious defenses.

Lastly, when a defendant has shown that the plaintiff will not be prejudiced and that there exists a meritorious defense, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Although tardy in responding to the complaint, Defendant Blake did made contact with Plaintiff and indicated a willingness to meet at Plaintiff's office. (Doc. 8 at 1.) Further, Defendant Blake contends that she was unfamiliar with all of the paperwork supplied by Plaintiff and had a general misunderstanding of the claims asserted against her, which hindered her ability to respond effectively. (Doc. 14 at 1.) As such, Defendants' behavior cannot be characterized as willful or in bad faith.

Based on an examination of the above factors, the Court finds that a default against Defendant is unduly harsh given that Plaintiff is not prejudiced, Defendants have potentially meritorious defenses, and Defendants did not act willfully or in bad faith.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Judgment by Default and **VACATES** the Clerk's entry of default against Defendants.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: June 8, 2016**