IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,[1] SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : |
| Plaintiff, | : Case No. 2:15-CV-1997 |
| v. | : JUDGE ALGENON L. MARBLEY |
| HERE TO HELP LEARNING ACADEMY, LLC, et al., | : MAGISTRATE JUDGE : TERRENCE P. KEMP |
| Defendants. | : : |

## JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed his Complaint, and Defendants Here to Help Learning Academy, LLC and Michele Blake (collectively, "Defendants"), waiving answer and all defenses to the Complaint have agreed to the entry of this Judgment in accordance with the Stipulation between the parties filed herein. It is therefore, for cause shown, ordered that:

1. Defendants, their agents, servants, employees, and all persons in active concert with them, are permanently enjoined and restrained from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), in any of the following manners:

A. Defendants shall not, contrary to Section 6 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an

---

[1] Mr. Acosta is substituted as Plaintiff in place of former Acting Secretary Edward C. Hugler.

enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, unless the employees receive compensation for their employment at a rate not less than the prevailing federal minimum wage rate.

  B. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than forty (40) hours, unless employees receive compensation for their employment in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rates at which they are employed.

  C. Defendants shall not fail to make, keep, and preserve records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations of the Administrator or the Secretary of Labor issued, and from time to time amended, pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

  2. The Secretary shall recover a total payment of $6,000.00 from Defendants.

   A. The parties agree that $3,000.00 of that amount represents liquidated damages and the remaining $3,000.00 represents back wages, to be distributed by the Secretary to Defendants' employees listed in the attached Exhibit A and in the amounts set forth in the column "Grand Total."

  3. Defendants shall make the total payment of $6,000.00 to the Secretary for disbursement as prescribed law as follows:

      A.    Defendants shall make one payment of Six Thousand Dollars ($6,000.00) payable to "Wage Hour Division-Labor" within five (5) days of the entry of this order. Such payment shall be mailed to: U.S. Department of Labor, Midwest Regional Office, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638.

      B.    The Secretary shall distribute the Amount Owed – less legal deductions for each employee's share of social security and federal withholding taxes – to the persons (or to their estates, if that be necessary) listed in Exhibit A and in the amounts shown after their names.

      C.    Defendants shall be responsible for the employer's share of FICA, Medicare, and other applicable taxes and any other necessary payments to the appropriate federal, state, and local revenue authorities for the employees listed in Exhibit A.

4.    Any money not distributed by the Secretary within a reasonable time because of the Secretary's failure to locate the proper person or because of such person's refusal to accept such money shall be covered into the Treasury of the United States as miscellaneous receipts.

5.    The failure of Defendants to make the full payment on the due date as provided herein shall result in the balance then owing being due immediately from Defendants and execution may issue. Further, interest shall start accruing at the statutory interest rate. The failure of the Secretary, upon a late payment of Defendants, to take any action to collect the balance then owing shall not be construed as a waiver by the Secretary of the right to do so.

6.    The attached Exhibit A is incorporated in and made a part of this Judgment.

7.    Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else on behalf of Defendants any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall

Defendants discharge or in any other manner discriminate, solicit, or encourage anyone else to discriminate against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Judgment.

8. Each party shall bear its/her own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

Dated this 8 day of May, 2017.

District Judge Algenon L. Marbley

/s/Brian M. Garvine
BRIAN M. GARVINE (0068422)
Law Office of Brian M. Garvine LLC
5 East Long Street
Suite 1100
Columbus, Ohio 43215
(614) 223-0290
(614) 221-3201 (facsimile)
*brian@garvinelaw.com*

/s/ Lisa A. Cottle
LISA A. COTTLE (0072809)
Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3873
(216) 522-7172 (facsimile)
*Cottle.Lisa.A@dol.gov*

OF COUNSEL:

MAUREEN CAFFERKEY
Counsel for Wage-Hour and Civil Rights